cal kmw

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN SANTOS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ROBINSON FORD SALES, INC.; DANIEL ) <br> O. ROBINSON; and DOES 1 through 10, ) <br> inclusive, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 06cv1532 LAB(AJB) <br><br> NOTICE OF AND ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE; ORDERING THE PARTIES TO MEET AND CONFER; AND ORDERING THE FILING OF A JOINT STATEMENT OF THE PARTIES |

IT IS HEREBY ORDERED that an Early Neutral Evaluation of the above entitled action will be held on *November 7, 2006* at *10:30 a.m.* in the chambers of Judge Anthony J. Battaglia, US Courts Building, 940 Front St., Room 1145, San Diego, California. **Absent extraordinary circumstances, requests for continuances will <u>not</u> be considered *unless* submitted *in writing* no less than fourteen days prior to the scheduled conference.**

**Mandatory Pre-Conference Requirements**

Plaintiff's counsel shall serve a copy of this Notice and Order on all defendants making an appearance after the date of this notice.

All conference discussions will be informal, off the record, privileged and confidential.

Based upon the Court's familiarity with these matters and in the interest of promoting the just, efficient and economical determination of this action, the Court issues the following orders at this time:

1.     All formal discovery shall be stayed in this case until the completion of the Early Neutral Evaluation Conference set herein;

2.     On or before *October 10, 2006*, Plaintiff's counsel shall lodge with Judge Battaglia's chambers and serve on opposing counsel a statement, not in excess of two pages, including:

    a.    An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act;

    b.    A statement of the amount and category of damages claimed by Plaintiff in this action;

    c.    The amount claimed for attorney's fees and costs; and,

    d.    The Plaintiff's demand for settlement of the case in its entirety.

3.     After service of Plaintiff's statement and no later than *October 24, 2006*, counsel for the parties, and any unrepresented parties, shall **meet and confer in person at the subject premises** regarding settlement of (1) the alleged premise violations, and (2) damages, costs and attorney fee claims. All counsel appearing in the case shall be responsible to make the arrangements for the conference. **The meet and confer obligation <u>cannot</u> be satisfied by telephone or the exchange of letters**. No later than *October 31, 2006*, counsel shall lodge with Judge Battaglia's chambers a <u>joint statement</u> certifying that the required *in-person conference* between counsel has taken place and advising the Court of the status of settlement negotiations and setting forth all issues in dispute, including property issues, Plaintiff's alleged damages, and the claim for attorney's fees and costs, along with a description of any settlement demands and/or offers exchanged.

4.     Plaintiff's counsel shall be prepared to present documentation to the Court, at the Early Neutral Evaluation Conference, to support the amount of attorney's fees and costs claimed for *in camera* review.

**Request for Continuance or to Vacate ENE date**

**Absent extraordinary circumstances, a request to continue the ENE will <u>not</u> be considered *unless* submitted *in writing* no less than fourteen days prior to the scheduled conference.**

Any request to continue the conference or request for relief from any of the provisions or requirements of this Order must be sought by a written ex parte application.  The application must be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested; confirm compliance with Civil Local Rule 26.1; and, report the position of opposing counsel or any unrepresented parties subject to the Order.

If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written stipulation confirming the complete settlement of the case is submitted no less than 24 hours before the scheduled conference.

### Mandatory Appearance Requirements

Pursuant to Civil Local Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, **all counsel and each party, in addition to any other person(s) who has full and unlimited authority[1] to negotiate and enter into a binding settlement shall appear *in person* at the conference and shall be prepared to discuss the claims, defenses and damages**.  **Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is *not* acceptable**.  The parties must be prepared to present demands and offers of settlement.  **The failure of any counsel, party or authorized person subject to this order to appear in person or to otherwise comply with the orders herein, will result in the immediate imposition of sanctions**.  Sanctions will include, but will not be limited to, the attorneys' fees and travel costs of the other parties in the case.  In addition, the conference will not proceed and will be reset to another date.

### Future Proceedings

In the event the case does not settle at the Early Neutral Evaluation Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int.'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the persons view of the case may be altered during the face to face conference.  Pitman at 486.  A limited or a sum certain of authority is not adequate.  Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);
2. The scheduling of the Federal Rule of Civil Procedure 26(f) conference;
3. The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and,
4. The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

The Court will issue an appropriate order addressing these issues and setting dates as appropriate. Questions regarding this case may be directed to the Judge's chambers at (619) 557-3446.

IT IS SO ORDERED.

DATED: September 26, 2006

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court